UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                                               No. 81-CR-00342-LTS

EDDY RODRIGUE,

        Defendant.

-------------------------------------------------------x

## ORDER

Eddy Rodrigue ("Petitioner" or "Rodrigue"), proceeding pro se, requests expungement of the record of his indictment and arrest in the above-captioned case. Rodrigue's petition (docket entry no. 1 (the "Petition")) includes a copy of this record, which shows that he was indicted on May 20, 1981, on the charge of conspiracy to manufacture, distribute, and possess synthetic cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Petition at 4.) A bench warrant was issued that day, and on May 28, 1981, Petitioner was granted bail. (Id.) He was arraigned on this indictment on June 18, 1981, and on December 2, 1981, the Court granted the Government's Nolle Prosequi application and the case was dismissed. (Id. at 5.)

        Petitioner asserts that the record of this prosecution has caused him substantial harm, including "denial of malpractice insurance," "almost yearly investigations by all sort[s] of government agencies culminating in the revocation of my license to practice medicine in the state of New York, forcing me to relocate to Florida," and difficulties obtaining employment today, despite the prosecution occurring over 40 years ago.[1] (Petition at 1.) Petitioner notes that,

---

[1]    On reply, Petitioner asserts a series of additional harms, including "financial ruin," "loss of my home," "loss of my family," "chronic anxiety and stress," "dependency on sleeping medications," "[m]ultiple life-threatening hemorrhages due to stress necessitating repeated hospitalization and multiple blood transfusions," "destruction of my professional

"[b]esides some traffic violations dated to about fifteen years ago," he has had no subsequent arrests or criminal convictions. (Id.) The United States opposes Petitioner's request, arguing that extraordinary circumstances are not present in this instance, and that expungement is therefore not warranted. (Docket entry no. 5 ("Resp. Mem.") at 1.) The Court has reviewed carefully the parties' submissions and, for the following reasons, the Petition is denied.

## DISCUSSION

Jurisdiction

Though neither party raises the issue, the Court must first consider whether it has jurisdiction of the Petition. In United States v. Schnitzer, the Second Circuit held that a district court could assert ancillary jurisdiction over a motion to expunge the record of an arrest made pursuant to a prior criminal proceeding. 567 F.2d 536, 538 (2d Cir. 1997), cert. denied, 435 U.S. 907 (1978). This holding was called into question by the Supreme Court's decision in Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 379-80 (1994), in which the Court explained that district courts may exercise ancillary jurisdiction "for two separate, though sometimes related, purposes: (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent, and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." 511 U.S. at 379-80 (internal citations omitted). In Doe v. United States, the Second Circuit held that Schnitzer, in light of Kokkonen, provided district courts with a continuing source of authority to

---

carreer [sic.]," "[m]y daughter's denial of employment as an attorney for the federal government," "[r]ejection of my candidacy for the Senate in my native country, Haiti (2005)," and "[r]ejection of my candidacy for the presidency of my native country (2009)." (Docket entry no. 8 at 16-17.) These new factual assertions, even had they not been improperly raised on reply, would not alter the Court's analysis.

assert ancillary jurisdiction over motions to expunge records of arrests only.  Doe, 833 F. 3d 192, 197 (2d Cir. 2016) ("[W]e think it clear that Schnitzer applies only to arrest records after an order of dismissal.") (citation omitted) (emphasis in original).  To the extent that Petitioner requests expungement of the record of his arrest, then, his request is amenable to the Court's jurisdiction.

Beyond that narrow purpose, however, the Court may not assert jurisdiction over the Petition.  In Doe, and elsewhere, Courts in this Circuit have found that assertion of ancillary jurisdiction over motions to expunge non-arrest criminal records does not fulfill either of the two purposes enumerated in Kokkenen.  Doe, 833 F.3d at 198-99 (finding a motion to expunge records of a valid conviction (1) "entirely unnecessary to manage a court's proceedings, vindicate its authority, or effectuate its decrees" (cleaned up); and (2) not "factually interdependent" with the original criminal proceeding); United States v. Ariyo, 18-CR-725-ALC, 2021 WL 857308, at *1-2 (S.D.N.Y. Mar. 8, 2021) (denying a motion for expungement of records of a deferred prosecution agreement for lack of jurisdiction, on the basis that asserting jurisdiction would not satisfy either purpose outlined in Kokkenen).

Here, assertion of ancillary jurisdiction over a motion to expunge the record of Petitioner's indictment and prosecution (other than his arrest) does not comport with Kokkenen.  The facts underlying Petitioner's prior prosecution are not factually interdependent with that request, which relies on adverse consequences suffered by Petitioner subsequent to the dismissal of his criminal case, not the facts underlying the criminal case itself.  Nor would the exercise of ancillary jurisdiction serve the purpose of "manag[ing] [the Court's] proceedings, vindicat[ing] its authority, and effectuat[ing] its decrees."  As Petitioner's criminal case was resolved decades ago, "there is nothing left to manage, vindicate, or effectuate."  Doe, 833 F.3d at 198 (quoting

United States v. Lucido, 612 F.3d 871, 875 (6th Cir. 2010)).  The Court's ancillary jurisdiction extends to Petitioner's request to expunge his arrest record only.  The Court therefore construes the Petition, styled as requesting expungement of Petitioner's "FBI record," as a request to expunge his arrest record only, and finds the Petition, so construed, subject to the Court's ancillary jurisdiction.

Expungement of Petitioner's Arrest Record

"The power to order the expungement of arrest records 'lies within the equitable discretion of the court.'"  Slansky v. White, 96-CV-2338-JFK, 1996 WL 312401, at *1 (S.D.N.Y. Jun. 10, 1996) (quoting United States v. Schnitzer, 567 F.2d 536, 539 (2d Cir. 1997)).  In exercising that discretion, the Court must engage in the "delicate balancing of the equities between the right of privacy of the individual and the right of law enforcement officials to perform their necessary duties."  Schnitzer, 567 F.2d at 539 (internal quotation marks omitted).  Among these necessary duties is the maintenance of accurate records of arrests and prosecutions.  See United States v. Doe, 935 F. Supp. 478, 480 (S.D.N.Y. 1996).  In the Second Circuit, "the standard [for expungement] is extremely stringent, and should be reserved for the unusual or extreme cases," which present extraordinary circumstances warranting expungement.  Fernandez v. U.S., Nos. 09-MC-326-CPS, 98-CR-902, 2009 WL 2227140, at *1 (E.D.N.Y. Jul. 24, 2009) (internal citations and quotations omitted).  The Second Circuit has outlined examples of extreme circumstances, focusing on circumstances implicating misuse of government authority:

> (1) mass arrests that render judicial determination of probable cause impossible; (2) arrests where the sole purpose was to harass civil rights workers; (3) the misuse of police records to the detriment of the defendant; and (4) arrests based on a statute that was later declared unconstitutional.

Vargas v. United States, No. 17-CV-809-MKB, 2017 WL 3381868, at *2 (E.D.N.Y. Aug. 4, 2017) (citing Schnitzer, 567 F.2d at 540). Expungement may also be warranted when an arrest was not based on probable cause. See U.S. v. Lau, No. MAG.DKT.94-1682-LAP, 2003 WL 22698810, at *2 (S.D.N.Y. Nov. 14, 2003) (collecting cases).

In addition to outlining what does constitute extraordinary circumstances, the Second Circuit has made clear what does not – dismissal of the underlying case, or adverse effects on subsequent employment. Davila v. Johnson, 15-CV-2665-AJN, 2015 WL 8968357, at *5 (S.D.N.Y. Dec. 15, 2015) ("[E]xpungement of an arrest record is granted only in extreme circumstances and should not be routinely used whenever a criminal prosecution ends in an acquittal."); Fernandez v. United States, 2009 WL 2227140, at *2 ("Adverse employment decisions are, of course, one of the consequences of an arrest record. Where a record is accurate, regardless of the disposition of the case, courts have nearly uniformly rejected adverse employment effects as ground for expungement.") (collecting cases); United States v. Pichardo, 202 F. Supp. 3d 342, 344 (S.D.N.Y. 2016) (noting that, in considering expungement of a conviction, "it is difficult for this Court to imagine circumstances warranting the exercise of this limited expungement power when no constitutional issue is implicated . . . however regrettable [the] collateral consequences may be").

Petitioner has not made a showing of extraordinary circumstances such that expungement is warranted here. He has not alleged that his arrest suffered from a constitutional defect or was based upon a law later deemed to be unconstitutional. Nor does Petitioner suggest that his arrest was not based upon probable cause – indeed, that he was indicted indicates a contrary finding by a grand jury. Petitioner also makes no assertion that the record of his arrest is inaccurate. Instead, he asserts that the record of the arrest has had an adverse effect on his

employment opportunities, as well as on his mental and physical health and personal relationships, and contends that these adverse effects constitute extraordinary circumstances warranting expungement.  (Docket entry no. 8 ("Reply") at 16-18.)  While the Court sympathizes with Petitioner's situation, its authority in this context is narrow.  The harms alleged do not amount to extraordinary circumstances, under the applicable legal standard, permitting expungement of the record of Petitioner's prosecution.

Petitioner appears to have put considerable effort into researching his case, and the Court commends him for his hard work.  Unfortunately, the authority upon which Petitioner has made his arguments is largely inapplicable to the case at hand.  (See Reply at 5-6 (citing New York state statutes), 6-7 (citing the Fair Credit Reporting Act).)  New York state law does not govern questions of expungement of federal records, and the Fair Credit Reporting Act provisions that he cites concern stewardship of records maintained by consumer reporting agencies, not federal law enforcement records.  He also points to federal provisions involving, inter alia, juvenile records, that are not applicable to his case.

The Court emphasizes that it understands the impact that this indictment has had on Petitioner's life and that of his family.  The Court further commends Petitioner's efforts to obtain and maintain employment since his prosecution, as well as his efforts to lead a law-abiding life during that time.  If the Court had a more general equitable power of expungement, it is quite possible that the Court would expunge Petitioner's record here.  However, the Court is bound to apply precedent as it currently stands, and must therefore deny the Petition.

<u>CONCLUSION</u>

For the foregoing reasons, Petitioner's request is denied in its entirety. This resolves ECF docket entry no. 1. Chambers will mail a copy of this order, and send an electronic copy via email, as requested, to the address provided by Petitioner.

SO ORDERED.

Dated: New York, New York
February 16, 2023

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

<u>Copy to be mailed to:</u>

Mario Eddy Gabriel Rodrigue
9921 SW 143rd Street
Miami, FL 33176